[Crim. No. 2002. Second Appellate District, Division One.—October 1, 1930.]

THE PEOPLE, Respondent, v. MRS. V. I. McKENNEY, Appellant.

Hiram R. McTavish and M. G. Macneil for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of an "attempt to commit abortion"; also, from the "verdict", as well as from each of the several orders made by the trial court by which, respectively, was denied to the defendant her motion for a new trial, her motion in arrest of judgment, and her motion "to dismiss the complaint".

The first point made by appellant is that because "there was no testimony of any agreement with defendant to do anything, or to perform any operation, or to charge any price therefor", and that because the only evidence "that defendant did anything wrong" was the statement made by the prosecuting witness that the defendant "performed an incomplete abortion", it became the duty of the trial court to grant the motion requested by defendant, to wit, to advise the jury to acquit defendant. Such position, however, is untenable for two reasons: First, because the gist of the offense of which defendant was charged consisted in the act of attempting to perform an abortion; and not in what, if anything, she agreed to do, or for what price, if any, she agreed to do it. Secondly, the statement made by the prosecuting witness that "defendant performed an incomplete abortion" was sufficiently corroborated, not only by incriminatory circumstances as narrated in the testimony given by a woman who accompanied the prosecuting witness to the office of defendant on the occasion when, according to such prosecuting witness, defendant attempted to commit the abortion, but as well by the testimony of each of two physicians who gave the prosecuting witness a physical examination as well as medical care and treatment shortly following her visit to the office of defendant. (*People* v. *Balkwell,* 143 Cal. 259 [76 Pac. 1017]; *People* v. *Lee,* 81 Cal. App. 49 [252 Pac. 763]; *People* v. *Watson,* 21 Cal. App. 692 [132 Pac. 836]; *People* v. *Brewer,* 19 Cal. App. 742 [127 Pac. 808].)

 The fact that, as testified by the prosecuting witness, she paid the sum of $35 to defendant for her services, had a tendency to establish the relationship that existed between the prosecuting witness and defendant at the time in question. Alleged statements made by the prosecuting witness to defendant regarding the waywardness of the prosecuting witness were of no materiality to the defense of the action. Consequently no error was committed by the trial court, either in its order by which evidence relating to the former fact was admitted, or in rejecting the evidence by which the latter fact was sought to be established.

The judgment and the order denying defendant's motion for a new trial are affirmed. The appeals from the "verdict", and from the order denying the motion in arrest of judgment, and from the order denying the motion to "dismiss the complaint", are dismissed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 30, 1930.